NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUSTAVO SANCHEZ, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 05-CV-4158 (DMC) |
| OSCAR AVILES, JAMES T. PLOUSIS, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court on motions by Oscar Aviles and James Plousis ("Defendants") for dismissal for failure to state a claim upon which relief may be granted and, alternatively, for summary judgment. For the reasons set forth below, Defendants' motions are **granted.**

## BACKGROUND

Defendant Plousis, at all times relevant to this case, was the United States Marshal for the District of New Jersey. Defendant Aviles, at all times relevant to this case, was the Department Director for the Department of Corrections and acts as administrator of the Hudson County Correctional Facility ("HCCF"). Plaintiff seeks to hold Defendants personally liable for what he claims to be a lack of medical care for his finger when he was a pretrial detainee.

The United States Customs and Border Protection ("Customs") arrested Plaintiff in June, 2004, on drug charges. Customs placed Plaintiff in the custody of the United States Marshal's Service ("USMS") on June 14, 2004. The USMS transferred Plaintiff to the HCCF on June 21, 2004, where he stayed until his release into the custody of the Bureau of Prisons following his conviction on November 29, 2005. The incidents giving rise to Plaintiff's allegations occurred when Plaintiff was a pretrial detainee at the HCCF.

While housed at the HCCF, Plaintiff's right middle finger was broken in a cell door. Plaintiff alleges that Defendants provided inadequate medical care for his injured finger and thereafter filed a complaint for violation of his civil rights. The HCCF is responsible for day-to-day care of the prisoners in its custody. This responsibility includes medical care. The HCCF generally seeks approval from the USMS for medical care provided to USMS detainees only if the detainee requires outside medical treatment or if the treatment would produce medical bills for which the USMS would be responsible.

Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## DISCUSSION

Defendant Plousis

Defendant Plousis moves to dismiss Plaintiff's complaint because he had no involvement with Plaintiff or Plaintiff's medical treatment. In his declaration, Plousis explains that his responsibilities include overseeing the overall operations of the USMS District Office. He is responsible for oversight, personnel matters and liaison to other law enforcement agencies. Plousis is not involved in the day-to-day management of prisoners and he plays no role in the

2

placement or treatment of prisoners.  Those matters are handled by other officers in the USMS or by local jail personnel, without any personal involvement by Plousis.

It should be noted that Plousis' staff processed any and all requests by Plaintiff for medical care and that all such requests were approved, according to Plousis' declaration.  The USMS record indicates that requests by Plaintiff for medical treatment beyond that provided by the HCCF were approved.  On July 8, 2005, Plaintiff was taken for x-rays.  On July 12, 2005, HCCF staff took Plaintiff to an orthopedic clinic.  On July 21 and 28, 2005, as well as on August 18, 2005, HCCF staff took Plaintiff for further medical consultations.  On August 24, 2005, USMS personnel took Plaintiff to the hospital and to another consultation on September 8, 2005.  USMS records show that they never denied any request by HCCF that Plaintiff be provided with additional medical treatment.

Plousis argues that Plaintiff's complaint fails to state a claim because the claim fails to allege any personal involvement of Plousis in the alleged constitutional violation.  The Third Circuit has held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs..."  Rode v. Dellarciprete, 845 F.2fd 1195, 1207 (3d Cir. 1988).

Plousis had no involvement in Plaintiff's medical care or any alleged lack thereof.  Any request by Plaintiff for additional medical attention would have been forwarded to the USMS by the HCCF.  Such requests were handled by employees of Plousis and never by Plousis himself.

Courts have consistently held that the doctrine of *respondeat superior* is inapplicable to charges of civil rights violations against the government.  Rizzo v. Goode, 423 U.S. 362 (1976); Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658 (1978); Rode, 845 F.2d at 1207.

A plaintiff may also show personal involvement through "allegations of personal direction or of actual knowledge and acquiescence." Id. However, Plousis never receives information on prisoners' medical needs. Although Plaintiff alleges that he notified Plousis of his medical condition, Plaintiff fails to explain in what manner such notification occurred and fails to provide any details regarding the alleged notification. In his declaration, Plousis states that he has no recollection of receiving any notification of Plaintiff's medical condition or dissatisfaction the medical care he received.

Plousis has not violated Plaintiff's civil rights. Plousis was not involved in Plaintiff's medical care. Plousis did not deliberately avoid involvement in Plaintiff's care. Plousis' staff approved each request for authorization presented by the HCCF on behalf of Plaintiff. Even if the staff ignored or unfairly denied Plaintiff's requests for extra medical care, no claim could have been brought against Plousis because *respondeat superior* liability is inapplicable and Plousis lacked knowledge of Plaintiff's situation.

Plaintiff's complaint against Defendant Plousis is dismissed.

<u>Defendant Aviles</u>

Defendant Aviles is the Department Director for the Department of Corrections and is familiar with the business of the HCCF. As was the case with Defendant Plousis, no *respondeat superior* liability can attach to Aviles for alleged civil rights violations by his staff. Rode, 845 F.2d at 1207. Therefore, Aviles could only be liable for Plaintiff's alleged civil rights violations if he had personal involvement, through action or knowing omission, in any wrongdoing. The test is whether control or direction is exercised by a supervisory official and there is either personal participation in some form or a failure to supervise a subordinate. Rizzo, 423 U.S. at

362.

In this case, Aviles exercised neither actual control nor personally participated in any decisions having to do with Plaintiff's medical care.  The HCCF contracts medical care out to an independent provider named Correctional Health Services, Inc.  Pursuant to HCCF policy and procedures, Plaintiff was seen by the contracted medical providers and given treatment as recommended by them.  Aviles had no involvement or knowledge of Plaintiff's medical condition and care.

Plaintiff's complaint against Defendant Aviles is dismissed.

## **CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss Plaintiff's complaint are **granted**.  An appropriate Order accompanies this Opinion.


        S/ De nnis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Dated: 12/22/06